THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MELISSA MOODY CROSS**                                                                 **PLAINTIFF**

v.                          **Case No. 3:21-cv-00264-KGB**

**KATRINA CROSS,** *et al.*                                                          **DEFENDANTS**

## ORDER

Before the Court is plaintiff Melissa Moody Cross's *pro se* motion for leave to proceed *in forma pauperis* ("IFP") and complaint (Dkt. Nos. 1, 2).

### I.     IFP Application

Based on her application to proceed IFP, Ms. Cross has neither the funds nor the income to pay the filing fee. Therefore, the Court grants Ms. Cross' motion to proceed IFP (Dkt. No. 1).

### II.    Screening

The Court will screen Ms. Cross' complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons discussed in this Order, Ms. Cross has not asserted a plausible claim against any defendant that she names in her complaint. Ms. Cross shall have 30 days from the entry of this Order to file an amended complaint that cures the defects identified below.

#### A.    Legal Standard

Because Ms. Cross is proceeding IFP, the Court is required to screen her complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, No. 3:18-CV-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts

have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

### B. Discussion

Because Ms. Cross is proceeding *pro se*, the Court has liberally construed her pleadings and has attempted to discern a basis in law for relief. Ms. Cross' complaint is vague and confusing. She lists a litany of actions purportedly taken by defendants, but she does so largely in conclusory

form and without providing sufficient details to state satisfactorily a claim. For example, Ms. Cross alleges "fraud," "sex and labor trafficking," "terroristic threatening," "death threats" and "criminal harassment," but she has not provided any factual support to substantiate these allegations, nor does she explain which named defendant engaged in which action giving rise to her claims. While all factual allegations in a complaint must be accepted as true for screening purposes, this Court need not accept these unsupported and conclusory allegations as true. As currently plead, Ms. Cross' complaint offers only "labels and conclusions" insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In sum, Ms. Cross has not asserted a plausible claim against any defendant, and the Court will not direct service of Ms. Cross' complaint at this time. The Court directs Ms. Cross to file an amended complaint that cures the deficiencies outlined above within 30 days from the entry of this Order. Ms. Cross' amended complaint should provide specific facts against each named defendant explaining what she believes each defendant did and the actions each defendant purportedly took to cause the harm about which she complains in a simple, concise, and direct manner, including, where applicable, dates, times, and places.

### III.   Conclusion

For the reasons set forth above, the Court grants Ms. Cross' motion for leave to proceed IFP (Dkt. No. 1). The Court orders Ms. Cross to file an amended complaint that cures the deficiencies outlined herein within 30 days from the entry of this Order.

It is so ordered this 24th day of January, 2022.

_____
Kristine G. Baker
United States District Judge