THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MELISSA MOODY CROSS**                                                  **PLAINTIFF**

v.                                **Case No. 3:21-cv-00264-KGB**

**RODNEY CROSS,** *et al.*                                          **DEFENDANTS**

**ORDER**

On December 22, 2021, plaintiff Melissa Moody Cross, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* ("IFP") and a complaint (Dkt. Nos. 1, 2). On January 24, 2022, the Court issued an Order granting Ms. Cross's IFP application and ordered Ms. Cross to file an amended complaint that cured deficiencies identified in the original complaint (Dkt. No. 3). Ms. Cross timely filed an amended complaint and three notices, including subpoenas (Dkt. Nos. 4, 5, 6, 7). On August 1, 2022, Ms. Cross filed a motion for order requesting summons (Dkt. No. 8). The Court has reviewed Ms. Cross's complaint, amended complaint, the notices, and the motion for order. For the reasons discussed in this Order, the Court dismisses without prejudice her complaint and amended complaint and denies as moot the motion for order (Dkt. Nos. 2, 4, 8).

      **I.**     **Screening**

The Court will screen Ms. Cross's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons discussed in this Order, Ms. Cross has not asserted a plausible claim against any defendant that she names in her complaint. Therefore, Ms. Cross's complaint is dismissed without prejudice.

          **A.**     **Legal Standard**

Because Ms. Cross is proceeding IFP, the Court is required to screen her complaint and amended complaint and dismiss the case, in whole or in part, if the Court determines that it is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, Case No. 3:18-CV-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

B.   Discussion

Because Ms. Cross is proceeding *pro se*, the Court has liberally construed her pleadings and has attempted to discern a basis in law for relief. Ms. Cross's original complaint was vague and confusing; her amended complaint is not much clearer. Ms. Cross submitted and the Court has reviewed documents in support of her claims, but Ms. Cross fails to provide an explanation as to how these documents are relevant or connected to her claims.

Ms. Cross's claims seem centered on alleged mistreatment of Ms. Cross, her children, and her dogs by defendants Katrina Cross, Mayor Elembaugh of the City of Batesville, and Rodney Cross, Ms. Cross's ex-husband. Ms. Cross also makes multiple allegations of a deadly car accident, cover-ups, and harassment by other defendants, including family members and government officials. Ms. Cross's amended complaint contains assertions of "endebtment [sic], entrapment, criminal harassment," and stalking (Dkt. No. 4, at 1). Ms. Cross has not provided any factual support to substantiate these allegations, nor does she explain which named defendant engaged in which action giving rise to her claims. While all factual allegations in a complaint and amended complaint must be accepted as true for screening purposes, this Court need not accept these unsupported and conclusory allegations as true. As currently plead, Ms. Cross's complaint and amended complaint offer only "labels and conclusions" insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In sum, Ms. Cross has not asserted a plausible claim against any defendant, and the Court will not direct service of Ms. Cross's complaint and amended complaint. The Court dismisses without prejudice Ms. Cross's original complaint and amended complaint.

## II.     Conclusion

For the reasons set forth above, the Court dismisses without prejudice Ms. Cross's original complaint and amended complaint against all defendants. Her request for relief is denied. The Court denies as moot her motion for Order requesting summons (Dkt. No. 8).

It is so ordered this 27th day of October, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge